William RAMIREZ, Petitioner—
Appellant,

v.

Roy A. CASTRO, Respondent—
Appellee.

No. 03–16812.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

David M. Porter, Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, John Gerald McLean, Sacramento, CA, for Respondents–Appellees.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

California state prisoner William Ramirez appeals the district court's denial of

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his 28 U.S.C. § 2254 petition. He is currently serving a 26 year-to-life sentence for murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The district court's decision to grant or deny a habeas petition is reviewed de novo. *See Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir.2003). This court may grant habeas relief only if the state court adjudication was contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court. *See* 28 USC § 2254(d)(1), (2); *Van Lynn,* 347 F.3d at 738.

█ Ramirez contends that his due process rights were violated because the judge who presided over his adult criminal trial lacked jurisdiction to do so under state law. Whether the judge lacked jurisdiction to try the adult criminal case is a matter of state law that has been resolved against the petitioner in state court. This court is bound by a state court's interpretation of its own law. *See Hubbart v. Knapp,* 379 F.3d 773, 779–80 (9th Cir. 2004).

█ Ramirez also contends that both his trial and appellate counsel were constitutionally ineffective for failing to challenge the criminal trial judge's jurisdiction. To prevail on an ineffective assistance of counsel claim, appellant must prove both deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, because the state court determined that the proceedings were different, and thus the trial judge had jurisdiction, counsels' failure to challenge the judge's jurisdiction at trial or on appeal would not have changed the result. Thus,

appellant cannot show prejudice and is not entitled to habeas relief. *See id.*

AFFIRMED.